The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, AR 72201
Dear Mr. McCuen:
This is in response to your request for an opinion on three questions regarding the publication of House Joint Resolution 1013 (HJR 1013), the proposed constitutional amendment to remove charitable games of bingo and raffles from the definition of lottery in the Arkansas Constitution. You state in your request that your office initially received a copy of HJR 1013 on April 16, 1993. You further state that on September 18, 1993, you received notice from the Chief Clerk of the House of Representatives that, due to an engrossing error, HJR 1013 as originally tendered was not the resolution approved by the General Assembly. Accompanying the clerk's letter were two "corrected" pages of HJR 1013. You have attached both copies of the resolution and have asked the following questions concerning your statutory responsibility under A.C.A. 7-9-113 and 25-18-205 to publish it:
 (1) Should the legal publication and the publication in the Acts of Arkansas be HJR 1013 as originally received by the Secretary of State or should the publication be the "corrected" version?
 (2) Assuming the "corrected" resolution is to be, should it be accompanied by a note explaining the circumstances of the correction?
 (3) In filing the original HJR 1013, should the original HJR 1013 stay intact as is with the corrected pages attached to the front or should the corrected pages be inserted and the original pages discarded?
In response to your first question, A.C.A. 7-9-113(b)(1) (Repl. 1993) requires the Secretary of State to publish notice of any proposed or referred measure that is to be voted on by the people. Section 7-9-113(b)(2) requires publication of the notice for amendments proposed by the General Assembly to commence six months before the election. In Becker v. McCuen,303 Ark. 482, 789 S.W.2d 71 (1990), the Arkansas Supreme Court described the Secretary of State's duty under 7-9-113 as publishing the proposed measure "as written" by the General Assembly. As you received the "corrected" version of HJR 1013 well within the time required to begin publication of it, and as it appears to represent the proposed amendment "as written" by the General Assembly, it is my opinion that the "corrected" version of the resolution should be published.[1]
The Secretary of State's duty you have referred to under A.C.A.25-18-205(a) (Repl. 1992) is to "make out true and accurate copies of all the laws, resolutions, and memorials and deliver them to the contractor for printing the acts of the General Assembly. . . ." In my opinion, the "corrected" version of HJR 1013 should be published in this context, also. It apparently constitutes a "true and accurate copy" of the General Assembly's resolution.
In response to your second question, it is not, in my opinion, legally necessary for the "corrected" version of HJR 1013 to be accompanied in publication by a note explaining the circumstances of the correction. It should be sufficient for you to retain a copy of both versions of the resolution and all information you have received pertaining to the matter on file at your office.
In response to your third question, although there is no law governing the issue, as I noted above, I would advise you to retain an intact copy of the version of HJR 1013 you first received, a copy of the "corrected" version, and all other information you have received pertaining to the matter.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] The engrossing errors contained in the original copy of HJR 1013 appear to be nothing more than the unintentional repetition of one line at the top of page three and the unintentional omission of one line at the bottom of page three.